## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DYSON TECHNOLOGY LIMITED,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **THE PARTNERSHIPS AND** | § | |
| **UNINCORPORATED ASSOCIATIONS** | § | |
| **IDENTIFIED ON SCHEDULE "A,"** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dyson Technology Limited ("Dyson"), by and through its counsel, Baker McKenzie, hereby brings this Original Complaint against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and hereby alleges as follows:

### I.     PARTIES

1.      Plaintiff Dyson Technology Limited is a limited company organized and existing under the laws of the England & Wales with a principal place of business at Tetbury Hill, Malmesbury, Wiltshire, United Kingdom, SN16 0RP. Dyson Technology Limited owns all right, title and interest in and to the Dyson mark and name for use in connection with a range of goods.

2.      Upon information and belief, Defendants are individuals and business entities who primarily reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District,

through the operation of fully interactive, commercial online marketplaces listed in Schedule A. Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell counterfeit Dyson products to consumers within the United States, including the State of Illinois.

3.      On information and belief, many of the Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products and to provide retail and store services using counterfeit versions of the Dyson trademarks in the same transaction, occurrence, or series of transactions or occurrences.

4.      Defendants' true identities are currently unknown because Defendants, in perpetrating their illegal and unauthorized actions, have intentionally hidden their identities and the full scope of their counterfeiting operation. In the event that Defendants provide additional credible information regarding their identities, Dyson will take appropriate steps to amend this Complaint.

## II.      JURISDICTION AND VENUE

5.      This is an action for trademark infringement and counterfeiting. As set forth below, Defendants' unlawful actions constitute federal trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. §1114, false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. §1051, *et seq.*, 28 U.S.C. §1338(a)–(b) and 28 U.S.C. §1331.

6.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the claims that arise under the laws of the State of Illinois because the state law claims are so related to

the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391, and this Court may exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the online marketplaces as defined and identified in Schedule A attached hereto (collectively, the "Online Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more Online Stores through which Illinois residents can purchase products using counterfeit versions of Dyson's federally registered trademarks. Upon information and belief, each of the Defendants has targeted Illinois residents by operating Online Stores that offer to sell, sell, accept payment in U.S. dollars, and ship products to the United States, including Illinois, that use counterfeit versions of Dyson's federally registered trademarks.  Each of the Defendants is, thus, committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Dyson substantial injury in the State of Illinois.

### III.     FACTUAL BACKGROUND

8.      Like many other luxury goods manufacturers, Dyson has been battling the manufacture, importation, distribution, offering for sale and sale of counterfeit Dyson goods throughout the globe. In recent years, this problem has increased exponentially with infringements occurring through online marketplaces and websites. This action therefore has been filed by Dyson to stop the online sale of unauthorized and unlicensed counterfeit hair care products using Dyson's federally registered trademarks (the "Counterfeit Products"). The sellers of these Counterfeit Products are trading on Dyson's goodwill and reputation by offering for sale and/or selling goods bearing Dyson's federally registered trademarks, including DYSON, AIRWRAP, SUPERSONIC,

and/or other DYSON-formative marks.

9.  Upon information and belief, Defendants create the Online Stores and design them to appear to be selling genuine Dyson branded products, while actually infringing Dyson's trademarks and selling Counterfeit Dyson Products to unknowing consumers. The Online Stores have common features or other identifying elements, such as design elements and similarities of the Counterfeit Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants further attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Defendants have and continue to willfully and maliciously advertise, offer for sale, and sell counterfeit Dyson products. Dyson is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet. Dyson has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks, goodwill and reputation as a result of Defendants' actions and seeks injunctive and monetary relief.

10. In particular, Dyson is a world-famous technology company that designs, manufactures and distributes hair care products (such as hair dryers and hair stylers), among other technological goods, worldwide. Dyson was founded in the United Kingdom in 1991. Today, Dyson machines can be purchased in over 65 countries around the world.

11. Dyson's timeless designs, and in particular Dyson's hair care products, are recognized worldwide by the trademarks DYSON, AIRWRAP, SUPERSONIC, and/or other DYSON-formative marks. In fact, Dyson products always include at least one of Dyson's federally-registered

trademarks.

12.     Dyson has been using the DYSON and DYSON-formative trademarks in commerce on and in connection with home technology products continuously and consistently for decades. Since at least as early as 31 January 2002, Dyson (or one of its group companies) has prominently and extensively marketed, advertised, and promoted its DYSON brand technology throughout the United States. DYSON brand hair care devices have been prominently and extensively marketed, advertised, and promoted throughout the United States at least as early as 2016.

13.     Dyson is the owner of the following federal trademark registrations, among others, (collectively the "DYSON Trademarks"):

| Trademark | Registration No. | Goods |
|---|---|---|
| AIRWRAP | 5,668,383 | Hair styling apparatus, namely, electric irons for styling hair; electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for holding the above mentioned goods; parts for all the aforesaid goods; Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods; Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair |

| | | |
|---|---|---|
| | | brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the aforesaid goods |
| dyson | 5,075,285 | Electrical irons for styling hair; electric hair curling irons; electric hair straightening irons; electric hair crimpers, cutters, straighteners, and trimmers; and cases, parts, and fittings for all the aforesaid goods |
| DYSON | 5,125,976 | Electrical appliances for styling hair, namely, electric hair curling irons; electric hair straightening irons; electric hair crimper, hair cutting scissors, electric hair trimmers, electric irons for styling hair; cases specially adapted for holding or carrying the aforesaid electric hair appliances, parts and fittings for all the aforesaid goods |
| dyson | 5,088,678 | Toiletries for care and cleaning of hair; hair spray; hair lotions; hair straightening preparations; hair conditioners; hair waving and hair setting preparations; hair mousse; hair styling and molding preparations; hair gel; hair wax; neutralizers for permanent waving; hair curling preparations; hair texturizers; sunscreen preparations; sun-tanning preparations |
| dyson | 5,088,677 | Sanitary installation wash hand basins; sinks; taps; faucets; water heaters; water filtering apparatus; water purifying apparatus; water mineralizers in the nature of an apparatus for adding minerals to water; electric kettles; microwave ovens; electric toasters; electric coffee makers; electric espresso machines; electric hair dryers; air cooling apparatus; air conditioning apparatus; air conditioners; air conditioners for vehicles; air sterilizers; air purifiers; electric air deodorizers; electric dispensing units for air fresheners; electric |

| | | |
|---|---|---|
| | | dispensers for air freshener; electric air filters for domestic use; humidifiers; dehumidifiers; extractor fans; extractor hoods; heat exchangers not being part of a machine; electric space heaters; electric radiant heaters for household purposes; heating apparatus for vehicles; floor heating apparatus; electric heaters having combined heating and cooling capabilities; electric air curtains for forming an air barrier between spaces; air washers for purifying and humidifying air; electric window fans; ventilation air-conditioning installations for vehicles; air filters, being parts of household or industrial installations; lighting apparatus, namely, lighting installations; electric lighting fixtures; ceiling lights; desk lights; floor lights; spotlights; uplighters; downlighters; lamps; led lighting fixtures; lanterns for lighting; reflectors, diffusers and lenses for lights and lamps; light bulbs; led light bulbs; parts and fittings for the aforesaid goods |
| dyson | 5,088,676 | Electric rotary hair brushes; electric hot styling brushes; electric toothbrushes; soap dispensers; hair brushes; parts and fittings for the aforesaid goods |
| DYSON | 5,126,071 | Wash hand basins, which are part of sanitary installations; sinks; taps; faucets; water filtering apparatus; water purifying apparatus; water mineralizers in the nature of an apparatus for adding minerals to water; electric kettles; microwave ovens; toasters; electric coffee makers; espresso machines; hair dryers; air conditioning apparatus; air conditioners; air conditioners for vehicles; dispensing units for air |

| | | |
|---|---|---|
| | | fresheners; electric dispensers for air freshener; extractor hoods; air curtains, namely, mounted electric fans used to separate temperature zones with an invisible curtain of air; air washers for purifying and humidifying air; ventilation air-conditioning installations for vehicles; air filters, being parts of household or industrial installations; lighting apparatus, namely, lighting installations; electric lighting fixtures; ceiling lights; desk lights; floor lights; spotlights; uplighters; downlighters; lamps; led lighting apparatus; lanterns for lighting; reflectors, diffusers and lenses for lights and lamps; light bulbs; led light bulbs; parts and fittings for the aforesaid goods |
| DYSON | 5,126,070 | Electric rotary hair brushes; electric hot styling brushes; electric toothbrushes; soap dispensers; hair brushes; parts and fittings for the aforesaid goods |
| DYSON | 5,126,069 | Hair care preparations; hair cleaning preparations; hair shampoo; hair spray; hair lotions; hair straightening preparations; hair conditioners; hair waving and hair setting preparations; hair mousse; hair styling and molding products; hair gel; hair wax; neutralizers for permanent waving, namely, neutralizing gels and creams for permanent hair waving; hair curling preparations; hair texturizers; sunscreen preparations; sun-tanning preparations |
| dyson | 5,139,202 | Installation of household appliances; installation of vacuum cleaners and other cleaning apparatus; installation of hand drying apparatus; installation, maintenance, service and repair of air conditioning apparatus, purifiers, humidifiers, ceiling fans and hair dryers; |

| | | installation of fans and fan heaters; installation, maintenance, servicing and repair of lighting apparatus and installations; rental and leasing of hand dryers |
| --- | --- | --- |
| DYSON | 5,139,203 | Installation of household appliances; installation of vacuum cleaners and other cleaning apparatus; installation of hand drying apparatus; installation, maintenance, service and repair of air conditioning apparatus, purifiers, humidifiers, ceiling fans and hair dryers; installation of fans and fan heaters; installation, maintenance, servicing and repair of lighting apparatus and installations; rental and leasing of hand dryers |
| DYSON | 4,020,756 | Hard floor cleaning machines; handheld vacuum cleaners; stick vacuum cleaners; cordless vacuum cleaners; robotic vacuum cleaners; parts and fittings for all the aforesaid goods; Batteries, electric batteries, rechargeable electric batteries, and battery chargers, all for cordless vacuum cleaners; parts and fittings for the aforesaid goods; electric hand dryers; electric hand drying machine for washrooms; electric hand and face dryers; air conditioning apparatus; air conditioners; electric free-standing fans; air cooling apparatus; air purifying apparatus; filters, being parts of household or industrial installations, namely, water filters and air filters; parts and fittings for the aforesaid goods ; toy cleaning kits, namely, toy vacuum cleaners; maintenance, servicing and repair of household appliances, namely, vacuum cleaners and other floor cleaning appliances; maintenance, servicing and repair of hand drying apparatus |
| dyson airwrap | 5,668,385 | Hair styling apparatus, namely, electric irons for styling hair; |

| | | |
|---|---|---|
| | | electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for holding the above mentioned goods; parts for all the aforesaid goods; Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods; Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the aforesaid goods |
| DYSON AIRWRAP | 5,668,384 | Hair styling apparatus, namely, electric irons for styling hair; electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for |

| | | |
|---|---|---|
| | | holding the above mentioned goods; parts for all the aforesaid goods; Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods; Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the aforesaid goods |
| DYSON CORRALE | 6,130,385 | Electrical appliances for styling hair, namely, electric hand-held hair styling irons; electric irons for styling hair; electrical appliances for curling hair, namely, electric hand-held hair curling irons; curling irons; curling tongs; straightening irons, namely, flat irons; electric hair curling irons; electric hair straightening irons; electric hair curlers in the nature of hand implements; electric hair crimper; electric hair cutters; electric hair trimmers; hair styling attachments designed exclusively for use with for all the aforesaid goods; cases, boxes and bags specially adapted for all for the aforesaid goods; parts, fittings and accessories all for the aforesaid goods |
| dyson supersonic | 5,348,163 | Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair dryers |
| DYSON SUPERSONIC | 5,215,714 | Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair dryers |

| SUPERSONIC | 5,215,713 | Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair dryers |
|------------|-----------|---------|

14.     The above-listed registrations for the DYSON Trademarks are valid, subsisting, and in full force and effect. Moreover, many are incontestable pursuant to 15 U.S.C. § 1065, and serve as *prima facie* evidence of the validity of the registrations, Dyson's ownership of the DYSON Trademarks, and of Dyson's exclusive right to use the DYSON Trademarks in commerce on or in connection with all of the goods identified in the registrations pursuant to 15 U.S.C. § 1057(b) and § 1115(a). Furthermore, the registrations are constructive notice of Dyson's claim of ownership of the DYSON Trademarks pursuant to 15 U.S.C. § 1072. True and correct copies of the United States Registration Certificates for the above-listed DYSON Trademarks are attached hereto as **Exhibit 1.**

15.     The DYSON Trademarks are exclusive to Dyson and are displayed extensively on or in close connection with Dyson products, Dyson packaging, and in Dyson's marketing and promotional materials. Dyson products have long been popular around the world and have been extensively promoted at significant annual expense. Dyson products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Dyson products have been featured in leading publications and newspapers in the United States and elsewhere around the globe. Because of these and other factors, the Dyson brand and the DYSON Trademarks have become famous throughout the United States.

16.     To maintain the prestige of the Dyson brand and DYSON Trademarks and to ensure that consumers receive the type of attention commensurate with Dyson's reputation for luxury and quality products, Dyson authorizes its hair care devices other products to be sold exclusively

through Dyson's network of authorized retailers around the world, as well as online at https://www.dyson.com/en. In the United States, only technology purchased from Dyson or through an authorized retailer are accompanied by a valid Dyson warranty/guarantee.

17.     Dyson operates social media accounts to promote and advertise its products, including Facebook, Twitter, and Instagram. Dyson's Instagram account, @Dyson, has over 440,000 followers, and its @Dysonhair account has over 953,000 followers. Dyson's Facebook account has over 2,000,000 followers, and its Twitter account has over 71,000 followers. The recognition of the Dyson brand and DYSON Trademarks among the public at large is enhanced not only by Dyson's own extensive advertising efforts and select distribution, but also by press coverage of DYSON, as well as the coverage of Dyson on social media platforms by influencers and celebrities. Such press coverage reaches millions of consumers.

18.     As the result of Dyson's exclusive and extensive use of the DYSON Trademarks, Dyson is recognized as the source of any products bearing one or more of the DYSON Trademarks. Due to the worldwide public acceptance, overwhelming fame, and great recognition of products bearing or sold under the DYSON Trademarks, these trademarks  have come to represent an enormous amount of goodwill for Dyson and have caused goods bearing the DYSON Trademarks—even unauthorized goods—to be in great demand.

19.     Dyson, however, has gone to great lengths to protect its name and enforce the DYSON Trademarks. Dyson actively seeks to protect and enforce its intellectual property rights by working with industry associations, anti-counterfeiting organizations, private investigators and law enforcement authorities, including customs authorities in the United States and internationally. Through those efforts, Dyson has discovered hundreds, if not thousands, of Counterfeit Products being sold over the Internet.  Indeed, Dyson has seen unauthorized use of one or more of the DYSON

Trademarks rise dramatically through the proliferation of online stores, such as those listed on Schedule A.

20.     Commercial Internet stores, like the Defendants' Online Stores, are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. Internet websites like the Defendants' Online Stores are also estimated to annually contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue.

21.     Here, Defendants facilitate sales by designing the Online Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Specifically, each of the Online Stores operated by Defendants use one or more of the DYSON Trademarks without authorization on or in connection with the sales of products that are not genuine Dyson products. For example, the Defendants use the trademarks DYSON, SUPERSONIC, AIRWRAP, or other of the DYSON Trademarks for the purpose of confusing consumers into believing that they are purchasing a genuine Dyson product, when that is not the case. Defendants' Online Stores also appear legitimate and accept payment in, among others, U.S. dollars via major credit cards, Alipay, Western Union, and PayPal. Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, Discover®, American Express®, and/or PayPal® logos.  To be clear, Dyson has not licensed or authorized Defendants to use any of the DYSON Trademarks, and none of the Defendants are authorized retailers of genuine Dyson products. Thus, Defendants are using trademarks owned by Dyson without authorization and creating confusion about the source of the Counterfeit Products being sold through the Online Stores.

22.     Many of the Defendants also deceive unknowing consumers by using the DYSON Trademarks without authorization within the content, text, and/or meta tags of their online marketplaces in order to attract various search engines crawling the Internet looking for sites relevant to consumer searches for Dyson products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Online Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Dyson products. Other Defendants only show the Dyson products in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Dyson products.

23.     As further evidence of their illegal activity, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Online Stores. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names.  Such registration patterns are one of many common tactics used by the Defendants (and counterfeit distributors generally) to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

24.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Online Stores. For example, Counterfeit Products for sale in the Online Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that Defendants are interrelated. The Online Stores also include other notable common features, including use of the same shopping cart platforms, accepted payment methods, check-out methods, meta data,

illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Dyson's official website, www.Dyson.com.

25.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases.

26.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of enforcement efforts by brand owners, such as Dyson. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

27.     Defendants, without any authorization or license from Dyson, have knowingly and willfully used and continue to use the DYSON Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet. Each Defendant Online Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

28.     Defendants' use of the DYSON Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit Dyson products, including the sale of counterfeit Dyson products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming

Dyson.

## IV.    CAUSES OF ACTION

## COUNT ONE – TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

29.     Dyson incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30.     Dyson is the exclusive owner of the DYSON Trademarks. Dyson's federal registrations are active, valid, and in full force and effect.

31.     Defendants, without Dyson's authorization, have used and continue to use in commerce counterfeit imitations of the federally registered DYSON Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit hair care technology bearing one or more of the DYSON Trademarks.

32.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, or deception among customers, potential customers, and/or the public as to the origin, sponsorship, or approval of the Counterfeit Products. Consumers are likely to be misled into believing that the Online Stores and sale of products bearing the DYSON Trademarks are licensed, sponsored, or otherwise approved by Dyson.

33.     Upon information and belief, Defendants were on both actual and constructive notice of Dyson's exclusive rights in the registered DYSON Trademarks when they adopted the DYSON Trademarks for use in advertising and marketing in their Online Stores, which offer for sale and sell infringing and Counterfeit Products that exactly or very closely copy those sold by Dyson under the DYSON Trademarks. Defendants' actions are designed to trade on the DYSON Trademarks.

34.     Defendants' unauthorized use of the DYSON Trademarks is willful, in bad faith, and with full knowledge of Dyson's prior use of, exclusive rights in, and ownership of the DYSON

Trademarks, with full knowledge of the goodwill and reputation associated with the DYSON Trademarks, and with full knowledge that Defendants have no right, license, or authority to use the DYSON Trademarks or any other mark confusingly similar thereto. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

35.     Defendants' acts are intended to reap the benefit of the goodwill that Dyson has created in its Dyson Trademarks and constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

36.     As a result of Defendants' conduct and infringement of the DYSON Trademarks, Dyson is entitled to recover actual and/or statutory damages to the maximum amount permitted by law or in equity, including under 15 U.S.C. § 1117.

37.     Defendants' conduct has caused and is causing immediate and irreparable injury to Dyson and will continue both to damage Dyson and deceive the public unless enjoined by this Court. Dyson has no adequate remedy at law for ongoing infringement.

## COUNT TWO – TRADEMARK COUNTERFEITING (15 U.S.C. §1114)

38.     Dyson incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.     This is an action for trademark counterfeiting against Defendants based on its promotion, advertisement, distribution, sale and/or offering for sale counterfeit hair care technology and other products bearing one or more of the DYSON Trademarks.

40.     Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among the general consuming public as to the origin and quality of the Counterfeit Products.

41.     Defendants' illegal acts are intended to reap the benefit of the goodwill that Dyson has created in its DYSON Trademarks and constitute counterfeiting of Dyson's federally registered

trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

42. As a result of Defendants' conduct and infringement of the DYSON Trademarks, Dyson is entitled to recover actual and/or statutory damages to the maximum amount permitted by law or in equity, including under 15 U.S.C. § 1117.

43. Defendants' conduct has caused and is causing immediate and irreparable injury to Dyson and will continue to both damage Dyson and deceive the public unless enjoined by this Court. Dyson has no adequate remedy at law for ongoing infringement.

## COUNT THREE – FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(A))

44. Dyson incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. Upon information and belief, Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Dyson or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Dyson.

46. By using the DYSON Trademarks on or in close connection with the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

47. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

48. As a result of Defendants' conduct, including the violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, Dyson is entitled to recover actual and/or statutory damages to the maximum amount permitted by law or in equity.

49. Defendants' conduct has caused and is causing immediate and irreparable injury to

Dyson and will continue to both damage Dyson and deceive the public unless enjoined by this Court. Dyson has no adequate remedy at law for ongoing infringement.

### COUNT FOUR – VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS §510, *et seq.*)

50.     Dyson incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51.     Defendants have knowingly and willfully engaged in deceptive trade practices violating Illinois law by passing off their Counterfeit Dyson Products as genuine Dyson products, causing a likelihood of confusion and/or misunderstanding as to the source of their goods or services, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Dyson products, using deceptive representations or designations of origin in connection with Dyson products, and engaging in other deceptive conduct which creates a likelihood of confusion or misunderstanding among the public.

52.     Defendants' infringing acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

53.     As a result of Defendants' conduct, including the violation of the Illinois Deceptive Trade and Practices Act, Dyson is entitled to recover actual and/or statutory damages to the maximum amount permitted by law or in equity.

54.     Defendants' conduct has caused and is causing immediate and irreparable injury to Dyson and will continue to both damage Dyson and deceive the public unless enjoined by this Court. Dyson has no adequate remedy at law for ongoing infringement.

### V.     JURY DEMAND

55.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dyson demands a

trial by jury of all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Dyson prays for relief as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the DYSON Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Dyson product or is not authorized by Dyson to be sold in connection with the DYSON Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Dyson product or any other service or product produced by Dyson that is not Dyson's or not produced under the authorization, control, or supervision of Dyson and approved by Dyson for sale under the DYSON Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold or provided under the authorization, control, or supervision of Dyson, or are sponsored by, approved by, or otherwise connected with Dyson;

   d. further infringing the DYSON Trademarks;  and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Dyson, nor authorized by Dyson to be sold or offered for sale, and which bear any of Dyson's trademarks, including

the DYSON Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Dyson's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, AliExpress, DHgate, and Wish web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the DYSON Trademarks; and

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the DYSON Trademarks.

3) That Defendants account for and pay to Dyson all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the DYSON Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. §1117;

4) In the alternative, that Dyson be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. §1117(c)(2) of $2,000,000 for each and every use of the Dyson Trademarks;

5) That Dyson be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other legal or equitable relief that this Court deems just and proper.

Dated: September 25, 2020

  */s/* **Shima Roy**
shima.roy@bakermckenzie.com
**BAKER McKENZIE**
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Telephone:  312-861-8000
Facsimile:  312-861-2899

**W. Bart Rankin** *(pro hac vice* pending)
w.rankin@bakermckenzie.com
**BAKER McKENZIE**
1900 North Pearl Street, Suite 1500
Dallas, Texas, 75201
Telephone:  214-978-3000
Facsimile:   214-978-3099


ATTORNEYS FOR DYSON TECHNOLOGY
LIMITED